IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HARRY WILLIAM LOTT,
EX PARTE,

    **Plaintiff,**

    vs.

OHIO BAR ASSOCIATION,

    **Defendant.**

Case No. 2:22-CV-2219

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, initiated this action on May 19, 2022. (ECF No. 1.) The Court granted Plaintiff's request to proceed *in forma pauperis* and deferred the initial screen. (ECF No. 11.)

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint and "Motion to Amended Supplemental Pleading, Motion to Disqualify" consist largely of quotes and citations to various United States Supreme Court cases, constitutional amendments and Latin legal terms. As best the undersigned can discern, Plaintiff apparently applied for an Ohio law license which the Supreme Court of Ohio denied. (ECF No.

3

1-1 at PageID 16.)  The Supreme Court explained as follows:

> The Office of Bar Admissions is returning your Applicant's Supplemental Character Questionnaire and other related documents because you do not meet the requirements of Rule I of the Supreme Court Rules for the Government of the Bar of Ohio ("Gov. Bar R. I"). Please note that Article IV, Section 2(B)(1)(g) of the Ohio Constitution grants the Supreme Court of Ohio exclusive jurisdiction to regulate admission to the practice of law in Ohio. The Ohio Supreme Court exercises this jurisdiction pursuant to Rule I of the Rules of the Government of the Bar.
>
> Gov. Bar R. I, Sec. 1, clearly states that whether you are applying to sit for the Ohio Bar Examination, applying for Admission Without Examination, applying to transfer a UBE score or applying for any other form of admission, an applicant for admission to the Ohio Bar must have earned a bachelor's degree from an accredited college or university and must have earned a J.D. from a law school approved by the American Bar Association.
>
> In your application, you indicated that you are seeking an Ohio law license without obtaining either a bachelor's degree or a law degree and you are requesting the Court to waive both the. exam and the cost to take the exam due to a religious exemption and First Amendment exemption. Because a person entering the legal profession must understand and have formal instruction on laws and rules, this requirement is not waivable. Please be advised that because it was determined that you do not meet education requirements, we did not further review your application for compliance with the rule.

(*Id*.)

In his Complaint, Plaintiff states that he "does not agree with the fact that the Ohio bar NCB and MPRE are engaging in lobbying for a JD ABA degree for admission to the Ohio Bar which violates the First Amendment." (ECF No. 1-1 at PageID 8.)  He alleges that he "has a right to exercise his religion in the court based on the L. Ron H[ubbar]d and his teaching," citing *The Scientologist, a Manual on the Dissemination of Material*. (*Id*.)  He insists "he had a religious right to break the law in accord to the no having a ABA Juris Doctor based on the religious right of scientology auditing, which is a religious act." (*Id*., citation omitted.)  In conclusion, he explains he is "requesting a Yale law degree and an Ohio law license . . . .  Also, he is seeking a Bachelor's Degree from Harvard Business school under equal protection. . . ."

4

(*Id*., at Page ID 13.) To the extent the Court considers it, Plaintiff's "Motion to Amend[] Supplemental Pleading Motion to Disqualify" adds random legal standards and Latin words that have no apparent application. He seems to add to his grievances that the Ohio Supreme Court refused to give him a hearing and a case number to appeal which is why he "must use file this lawsuit in the Southern District of Ohio." (ECF No. 12, at Page ID 90.) He suggests that the Ohio Supreme Court's actions, together with the Ohio Bar Association, violate his First, Eighth and Fourteen Amendment rights.

The undersigned cannot collect any discernable claims in Plaintiff's filings. This Court has no jurisdiction to provide the relief Plaintiff seeks. As the Ohio Supreme Court explained, Article IV, Section 2(B)(1)(g) of the Ohio Constitution grants the Supreme Court of Ohio exclusive jurisdiction to regulate admission to the practice of law in Ohio. It exercises this jurisdiction pursuant to Rule I of the Rules of the Government of the Bar.

To the extent Plaintiff's complaint could be read as challenging the outcome of any state court rulings, the Court is precluded from reviewing any state law decision. *See Davis v. Johnson*, 664 F. App'x 446, 448 (6th Cir. 2016) (internal quotation and citation omitted) ("The claims in Plaintiff's instant complaint could be read as challenges to state court orders which are barred by the *Rooker-Feldman* doctrine.")

For these reasons, it is **RECOMMENDED** that the Court dismiss all claims against the Belmont County Courthouse.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is also **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's Motion to Amended an Supplemental Pleading

5

Motion to Disqualify." (ECF No. 12.) It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**DATED:  July 18, 2022**            /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**