IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAM LOTT, EX PARTE,** : | |
| : | Case No. 2:22-cv-2219 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| **OHIO BAR ASSOCIATION,** : | |
| : | |
| **Defendant.** : | |
| : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiffs' Objections (ECF No. 15) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 14) recommending Plaintiff's action be dismissed in its entirety and Plaintiff's Motion to Amend a Supplemental Pleading and Motion to Disqualify (ECF No. 12) be denied as moot. For the following reasons, Plaintiff's Objection (ECF No. 15) is **OVERRULED**. The R&R (ECF No. 14) is **ADOPTED**. Accordingly, this matter is **DISMISSED**, and Plaintiff's Motion to Amend a Supplemental Pleading and to Disqualify (ECF No. 12) is **DENIED AS MOOT**. Plaintiff's Motion for a New Trial (ECF No. 16) and Motion for Case Still Pending (ECF No. 17) are also **DENIED**.

**I.  BACKGROUND**

Plaintiff, an Ohio resident who is proceeding *pro se*, initiated this action on May 19, 2022 against the Ohio Bar Association claiming that his First, Eighth, and Fourteenth Amendment rights were violated when the Ohio Bar Association denied his application for an Ohio law license. (ECF No. 13). The Court granted Plaintiff's request to proceed *in forma pauperis* and deferred the initial screening. (ECF No. 11). The Magistrate Judge issued a R&R recommending that Plaintiff's action be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915, and that the Motion to

1

Amend a Supplemental Pleading and Motion to Disqualify be denied as moot. (ECF No. 14). Plaintiff filed a timely Objection. (ECF No. 15).

Plaintiff asserts that he is a Scientologist and states that his present claims arise from his membership in that group. (ECF No. 13 at 5–6). Plaintiff claims that his constitutional rights were violated by Defendant when it denied his Ohio Bar application for failing to meet the educational requirements of a bachelor's degree from an accredited college or university, and a Juris Doctor from a law school accredited by the American Bar Association ("ABA"). (*Id.* at 5, 12). Plaintiff claims that his association as a Scientologist, and his participation in a practice known as "auditing," should provide him with a religious exemption to the Ohio Bar Association's educational requirements. (*See* ECF No. 13).

## II. STANDARD OF REVIEW

When reviewing objections to a R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Additionally, *pro se* complaints are to be construed liberally, but "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). While *pro se* complaints are held to less stringent standards, this lenient treatment is not without limits and "courts should not have to guess at the nature of the claim asserted." *Garrett v. Belmont Cnty.*

*Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. 2010), *Frengler v. GM*, 482 Fed. App'x 975, 976–77 (6th Cir. 2012).

### III. LAW AND ANALYSIS

The Supreme Court of Ohio, Office of Bar Admissions, explained in Plaintiff's denial letter, that since he did not have a bachelor's degree, nor a Juris Doctor from an ABA accredited institution—threshold requirements for licensure—his application for bar admission was denied, and no further review was conducted. (ECF No. 14 at 3–4). Plaintiff asserts that this action violated his First, Eighth, and Fourteenth Amendment rights, but he does not support these claims with sufficient factual detail or a sound basis in law. (*See* ECF No. 13).

As a threshold matter, even if Plaintiff had satisfied the pleading requirements, this Court lacks jurisdiction to provide the relief Plaintiff seeks. The Ohio Constitution grants the Supreme Court of Ohio exclusive jurisdiction to regulate admission to the practice of law in Ohio. Ohio Const. art. IV, § 2(B)(1)(g). The Supreme Court of Ohio properly exercises this jurisdiction under Rule 1 of the Rules of the Government of the Bar. Ohio Gov. Bar R. I. Therefore, this action must be dismissed for lack of jurisdiction.

That said, Plaintiff timely filed six objections to the Magistrate Judge's R&R, which this Court will address. (ECF No. 15). First, Plaintiff raises an objection regarding his *in forma pauperis* status. (*Id.* at 2). Plaintiff states he "will pay on payments if money is an issue." (*Id.*). The R&R noted no issues with Plaintiff's *in forma pauperis* status. (ECF No. 14 at 1–2). Given that his objection is inapplicable to the R&R, it is therefore **OVERRULED**.

Second, Plaintiff asserts that default summary judgment must be granted based on an instance of ex parte communication. (ECF No. 15 at 2). "An ex parte communication occurs when one party initiates direct or indirect communication on the substance of a pending case without

3

the knowledge, presence, or consent of all parties involved in the matter." *United States v. Stennis*, 457 Fed. App'x 494, 503 (6th Cir. 2012). Plaintiff does not provide any factual detail about ex parte communication; the only communication this Court discerns is the letter from the Office of Bar Admissions explaining the denial of Plaintiff's application, which was issued prior to the start of this litigation. (ECF No. 13 at 15). Therefore, this objection is inapplicable to the case at hand and **OVERRULED**.

Third, Plaintiff objects based on "religious right for a voidable education," claiming he has the "right to break the education law when it comes to [religious] rights." (ECF No. 15 at 3). Plaintiff relies on *Wisconsin v. Yoder* to support his position. (*Id.* (citing 406 U.S. 205 (1972)). *Yoder* held that "respondents' convictions of violating the State's compulsory school-attendance law were invalid under the Free Exercise Clause of the First Amendment to the United States Constitution. . ." *Yoder*, 406 U.S. at 207. The Supreme Court reasoned that the "compulsory-attendance law on respondents' practice of the Amish religion is not only severe, but inescapable" because the Wisconsin law provided for criminal sanctions and required the respondents "to perform acts undeniably at odds with fundamental tenets of their religious beliefs." *Id.* at 218 (citing *Braunfeld v. Brown*, 366 U.S. 599, 605 (1961)). The Supreme Court clarified, however, that a way of life "may not be interposed as a barrier to reasonable state regulation of education if it is based on purely secular considerations." *Id.* In *Yoder*, the Amish's claim that the traditional way of life was not merely a personal preference, "but one of deep religious conviction," and "intimately related to daily living." *Id.*

*Yoder* is distinguishable because Plaintiff's religious faith and mode of life are not inseparable or interdependent regarding obtaining a post-secondary education. There is no evidence before this Court that avoiding a post-secondary education is a central tenet of

4

Scientology, whereas in *Yoder* it was central to the Amish religious practice to object to formal education past eighth grade. *Yoder*, 406 U.S. at 210. Conclusory statements by the plaintiff are not enough. *See Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). In fact, Scientologists have a college graduate rate thirty percent higher than the norm,[1] demonstrating that Plaintiff may abide by the education requirements imposed by the Ohio Bar Association without oppressing his religious rights. This objection is therefore **OVERRULED**.

Fourth, Plaintiff objects based on freedom not to associate. (ECF No. 15 at 4). Plaintiff claims that he "refused to associate with the Ohio Bar's" education requirements. (*Id.*) The right to associate is not absolute and infringements "may be justified by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas." *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984). Regulation of the bar is at the "core of a state's power to protect the public," and is "especially great since lawyers are essential to the primary governmental function of administering justice." *Bates v. State Bar of Ariz.*, 433 U.S. 350, 361–62 (1977). Therefore, this objection is **OVERRULED**.

Fifth, Plaintiff objects to the procedure on objections. (*Id.* at 5). Plaintiff asserts an unclear argument using the First Amendment and commercial speech, which does not relate to the procedure for objections under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (*Id.*). This objection is therefore **OVERRULED**.

Finally, Plaintiff objects that the Ohio Bar Association did not hold a hearing for the denial of his application. (*Id.*). Plaintiff seeks to justify this objection by using a case in which a hearing

---

[1] *Demographic and Statistical Facts About The Scientology Religion*, WHAT IS SCIENTOLOGY?, https://www.whatisscientology.org/html/Part11/Chp32/pg0572.html (2000-2015).

was required to terminate state welfare benefits. (*Id.* (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). Admission to a voluntary bar is not afforded the same protections as revocation of welfare benefits, a statutory entitlement, because "deprivation of a state-defined property right, like a medical [or law] license, cannot amount to a substantive due process violation." *Ingram v. Tenn. Dep't of Health*, No. 3:17-cv-01565, 2019 WL 1429644, at *12 (M.D. Tenn. Mar. 29, 2019) (citing *Sharma v. Johnston*, No. 10-21560-Civ-LENARD, 2010 WL 5579885, at *13 n. 15 (S.D. Fla. Dec. 13, 2010)). This objection is therefore **OVERRULED**.

In summary, Plaintiff's pleadings contain "random legal standards and Latin words that have no apparent application" to Plaintiff's claims. (ECF No. 14 at 5). Based on the lack of factual and legal support for his claims, Plaintiff has failed to state a claim upon which relief may be granted, and therefore dismissal of Plaintiff's action is warranted under 28 U.S.C. § 1915(e)(2).

Finally, Plaintiff filed a Motion for a New Trial (ECF No. 16); however, there has not been a trial in this action. This Court believes that Plaintiff was referring to his denial of a hearing by the Ohio Bar Association. (ECF No. 13 at 6). As noted above, this Court lacks jurisdiction to deal with this matter as exclusive jurisdiction rests with the Supreme Court of Ohio. (ECF No. 14 at 5). Therefore, Plaintiff's Motion for a New Trial (ECF No. 16) is **DENIED**.

Plaintiff also filed a Motion for Case Still Pending (ECF No. 17) based on his belief that "the District Judge is taking too much time to issue an opinion." (*Id.* at 3). The Supreme Court has held that federal district courts have the "inherent authority to manage their dockets and courtrooms" as they see fit, "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This Court has moved forward as expeditiously as possible with Plaintiff's case. Therefore, Plaintiff's Motion for Case Still Pending is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the R&R (ECF No. 14) is **ADOPTED**, and Plaintiff's Objections (ECF No. 15) are **OVERRULED**. Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Plaintiff's Motion to Amend a Supplemental Pleading to Disqualify is **DENIED AS MOOT**. (ECF No. 12). Plaintiff's Motions for a New Trial (ECF No. 16) and for Case Still Pending (ECF No. 17) are **DENIED**. This Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order will not be taken in good faith and therefore, if Plaintiff moves for leave to proceed *in forma pauperis*, such request will be **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** August 8, 2023