IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HARRY WILLIAM LOTT,** | : | |
| | : | |
| Petitioner, | : | Case No. 2:22-cv-02219 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Elizabeth P. Devers |
| | : | |
| **OHIO BAR ASSOCIATION,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before this Court on Petitioner Harry Lott's *pro se* Motion to Comply and Motion for Leave to Appeal *in Forma Pauperis*. (ECF Nos. 20, 22). This court **DENIES** Petitioner's Motion to Comply with Federal Rule of Civil Procedure 59(a). Additionally, this Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of this action would not be taken in good faith. Thus, the Court **DENIES** Petitioner's Motion for Leave to Appeal *in Forma Pauperis*.

Petitioner, an Ohio resident who is proceeding *pro se*, initiated this action on May 19, 2022, against the Ohio Bar Association claiming that his First, Eighth, and Fourteenth Amendment rights were violated when the Ohio Bar Association denied his application for an Ohio law license. (ECF No. 13). Following an initial screening, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Petitioner's action be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915, and that the Motion to Amend a Supplemental Pleading and Motion to Disqualify be denied as moot. (ECF No. 14). Petitioner filed a timely Objection. (ECF No. 15). After carefully considering both the R&R and Petitioner's Objection, this Court adopted the R&R. (ECF No. 18).

1

On August 14, 2023, Petitioner filed a Motion to Comply with Federal Rule of Civil Procedure 59 (ECF No. 20). Rule 59(a) details when this Court may, in its discretion, grant a new trial to a party. Notably, there has not been a trial in this case. As such, Rule 59(a) does not apply to the instant matter. Thus, the Motion (ECF No. 20) is **DENIED**.

Turning to the Motion for Leave to Appeal, this Court **DENIES** Petitioner's Motion because his appeal would not be taken in good faith.

Federal Rule of Appellate Procedure 24(a)(3) provides in relevant part as follows:

A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization unless:

  (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or

  (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Consistent with Federal Rule of Appellate Procedure 24(a)(3)(A), § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." An appeal is not taken in good faith "where the appeal lacks an arguable basis either in law or fact." *Collins v. Comm'r of Soc. Sec.*, No. 1:18-CV-268, 2023 WL 416008, at *1 (S.D. Ohio Jan. 10, 2023), *report and recommendation adopted sub nom. Machelle C. v. Comm'r of Soc. Sec.*, No. 1:18-CV-268, 2023 WL 406177 (S.D. Ohio Jan. 25, 2023).

The Magistrate Judge carefully considered and concluded that the claims raised in Mr. Lott's Petition were essentially an amalgamation of "random legal standards and Latin words that have no apparent application." (ECF No. 14 at 5). Because of the lack of factual and legal support for his claims, this Court similarly determined that Petitioner failed to state a claim upon which

relief may be granted, and therefore dismissal of Petitioner's action was warranted under 28 U.S.C. § 1915(e)(2). (ECF No. 18).

Now, relying on similar arguments and legal analysis as those in the initial pleadings, Petitioner has submitted a Motion for Leave to Appeal *in Forma Pauperis*. (ECF No. 22). This Court is not convinced that further review would warrant a different result. Accordingly, Mr. Lott's Motion for Leave to Appeal *in Forma Pauperis* is **DENIED**.

Federal Rule of Appellate Procedure 24(a) provides in relevant part, that when a district court "denies a motion to proceed on appeal *in forma pauperis*; certifies that the appeal is not taken in good faith; or finds that the party is not otherwise entitled to proceed *in forma pauperis*," a party "may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days." Fed. R. App. P. 24(a)(4) and (5). If Petitioner intends to proceed with his appeal, **WITHIN THIRTY DAYS** of service of this Order, Petitioner may either pay the $505.00 filing fee or move for leave to proceed on appeal *in forma pauperis* by filing a motion in the United States Court of Appeals for the Sixth Circuit. The motion must meet the pleading requirements of Federal Rule of Appellate Procedure 24(a), include a copy of the affidavit filed in the district court, and include the district court's statement of reasons for its action. Fed. R. App. P. 24(a)(5).

The clerk is **DIRECTED** to transmit a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

                                             **ALGENON L. MARBLEY**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**

**February 9, 2024**